In re **MORANDE ENTERPRISES, INC., Debtor.**

**No. 9:05–BK–00699–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

June 29, 2007.

Stephen R. Leslie, Stichter, Riedel, Blain & Prosser, Tampa, FL, Robert F. Reynolds, Slatkin & Reynolds PA, Mark S. Roher, Lisa M. Schiller, Rice Pugatch Robinson & Schiller, PA, Fort Lauderdale, FL, for Debtor.

*ORDER ON REORGANIZED DEBTOR'S MOTION TO SUBORDINATE NONPECUNIARY TAX PENALTY CLAIM OF THE DEPARTMENT OF THE TREASURY–IRS AS SET FORTH IN CLAIM NO. 67*

(Doc. No. 890)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER before this Court involves the question of whether or not it is

appropriate for this Court to consider Section 726(a)(4) of the Bankruptcy Code in the context of a Chapter 11 case. The matter is presented to this Court by way of a Motion to Subordinate Nonpecuniary Tax Penalty Claims of the Department of the Treasury—Internal Revenue Service as set for in Claim No. 67 (Motion to Subordinate Claims), filed by Morande Enterprises, Inc., (the Debtor). The Debtor initially sought subordination of the claim filed by the United States of America (the Government) in the amount of $55,005.16, based on penalties relating to the reorganized Debtor's nonpayment of FICA tax obligations for the periods set forth in Form 10, attached to Proof of Claim No. 67.

Originally, the Debtor sought subordination of the penalty claim of the Government, pursuant to Section 510(c) of the Bankruptcy Code which provides in relevant part that, "after notice and a hearing the court may—under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest." 11 U.S.C. § 510(c)(1).

Having considered the relevant cases dealing with equitable subordination, the Debtor now concedes that subordination under Section 510(c) would not be warranted, absence any proof that: (1) the Government was involved in some inequitable conduct; (2) the misconduct must have resulted in an injury to the creditors of the Debtor or conferred an unfair advantage on the claimant; and (3) the equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act. *Benjamin v. Diamond (In re Mobile Steel Co.),* 563 F.2d 692, 700 (5th Cir.1997); *Estes v. N & D Properties, Inc. (In re N.D. Properties, Inc.),* 799 F.2d

726, 731 (11th Cir.1986) ("If the claimant is not an insider or fiduciary, however, the trustee must prove more egregious conduct such as fraud, spoliation or overreaching, and prove it with particularity.")

Counsel for the Debtor now, however, contends that according to the cases relied on, such as, *In re Cassis Bistro, Inc.,* 188 B.R. 472 (Bkrtcy.S.D.Fla.1995) and the case of *In Matter of Friedman's, Inc.,* 356 B.R. 766 (Bkrtcy.S.D.Ga.2006), the Court may subordinate a claim based on the tax penalty claim filed by the Government and may consider the equities of a particular situation, thus relying on the proposition that the Court may apply in a Chapter 11 case the subordination provision of Section 726(a)(4) even though, technically, this Section has no application in a Chapter 11 case.

In the case of *Cassis,* the court did subordinate the claim based on Section 510(c), even though there was no evidence of any inappropriate conduct on behalf of the Government. The *Cassis* court found under the facts of the case, not only was subordination appropriate, but also, may be required as part of the Chapter 11 Plan to meet the requirements of Section 1129(a)(7) of the Bankruptcy Code. Section 1129(a)(7) of the Bankruptcy Code, which is commonly referred to as "best interest of creditors test" requires that the creditors receive a distribution under the confirmed Chapter 11 Plan not less than they would receive if the debtor is liquidated under Chapter 7 on the effective date of the confirmed Plan. In *Cassis,* the Court held that after payment of administrative claims and priority claims monies available for distribution to general unsecured creditors would yield only a partial dividend if the tax claim is not subordinated. The court held that, assuming additional administrative expenses in a Chapter 7, if the Chapter 11 case is converted, unless the

penalty claims are subordinated, the subordination of the claim would make no sense to require a confirmed Chapter 11 case to be converted to a Chapter 7 solely to obtain the statutory right to subordinate the claims in a liquidation. *In re Cassis Bistro, Inc.*, 188 B.R. at 475.

The case of *Friedman's* also involved the consideration of the interplay between Section 726(a)(4) and Section 1129(a)(7). In *Friedman's*, the court concluded that Section 1129(a)(7)(A) requires a Bankruptcy Court, in confirming the plan, to find that the general unsecured claimants have accepted the Chapter 11 plan or will receive as much under the Chapter 11 plan as they would have received in the hypothetical Chapter 7 liquidation. In order to make such findings, the courts must apply and consider Section 726(a)(4), with the result that all penalty or punitive claims are subordinated.

In the case of *United States v. Reorganized CF & I Fabricators of Utah, Inc.*, 518 U.S. 213, 116 S.Ct. 2106, 135 L.Ed.2d 506, the court dealt with the interplay between two sections of the Bankruptcy Code but left the question open because the United States Court of Appeals, Tenth Circuit (Court of Appeals), relied on the construction placed on Section 510(c) in the case of *In re Virtual Network Services Corp.*, 902 F.2d 1246 (7th Cir.1990). The Court of Appeals in its decision held that, "section 510(c)(1) does not require a finding of a claimant misconduct to subordinate nonpecuniary loss tax penalty claims." *In re CF & I Fabricators of Utah, Inc.*, 53 F.3d 1155, 1159 (10th Cir. 1995). Furthermore, the Court of Appeals noted that the findings of the Bankruptcy Court that "[d]eclining to subordinate the IRS's penalty claim would harm innocent creditors rather than punish the debtor", and concluded that "the bankruptcy court

correctly addressed the equities of this case." *Id.*

The Government filed an opposition to the Debtor's Motion to Subordinate Claims, relying on the strict construction of Section 510(c) of the Bankruptcy Code. The Government, citing the case of *United States v. Noland*, 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996) contends that, the Debtor does not and cannot substantiate any such egregious conduct which would satisfy the specific requirements for equitable subordination under Section 510(c) of the Code. Concerning the applicability of Section 1129(a)(7), the Government contends that subordination is neither mandated or appropriate, relying on 1129(a)(7). Furthermore, the Government contends that the Debtor's Plan has been confirmed and, therefore, the Court was satisfied that the "best interest of creditors test" was met.

Concerning the totality of the circumstances and equities of the case, this Court is satisfied that subordination would be proper based on the following. First, this is a total liquidation Chapter 11 Case. Second, the tax penalty claim is clearly a nonpecuniary claim. Third, the IRS will receive full payment plus interest on the actual tax claims asserted in Claim No. 67. Fourth, after the payment of administrative claims and priority claims, the monies available for distribution to general unsecured creditors will currently yield only a partial dividend. Therefore, based on the foregoing, it would be clearly inequitable and unfair for this dividend to be further diluted by having the reorganized Debtor pay the tax penalty claims to the detriment of all allowed claims of the general unsecured creditors.

Thus, considering the analysis applied in the case of *In re CF & I, supra*, this Court is satisfied with the reasoning of the court and, therefore, will apply the same ap-

proach in the above-captioned Chapter 11 case. Based on the foregoing, this Court is satisfied that Debtor's Motion to Subordinate Nonpecuniary Tax Penalty Claim of the Department of the Treasury—Internal Revenue Service as set for in Claim No. 67 is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Reorganized Debtor's Motion to Subordinate Nonpecuniary Tax Penalty Claim of the Department of the Treasury—Internal Revenue Service as set forth in Claim No. 67 (Doc. No. 890) be, and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the Claim No. 67 of the Department of the Treasury—Internal Revenue Service, based on the tax penalty claim in the amount of $55,005.16, be and the same is allowed but subordinated, pursuant to Sections 726(a)(4) and 1129(a)(7) and shall only receive payment after the unsecured creditors are paid.

DONE at Tampa, Florida, on